# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TANYA L. FOWLKES, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) CIVIL ACTION FILE NO. <br> v. ) <br> ) _____ <br> AMERICAN HEALTH ) <br> ASSOCIATES, INC., ) **Removal from the** <br> NICHOLAS DELBUONO, ) **State Court of Cobb County** <br> and TIMOTHY M. MARTIN, ) **Case No. 20-A-2516** <br> ) <br> Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant American Health Associates, Inc. ("AHA") removes the above-captioned action from the State Court of Cobb County, Georgia to the United States District Court for the Northern District of Georgia, showing this Court as follows:

1. On August 2, 2020, Plaintiff Tanya L. Fowlkes ("Plaintiff") filed a Complaint (the "Complaint") against AHA, Nicholas DelBuono ("DelBuono"), and Timothy M. Martin ("Martin") (collectively "Defendants") in the State Court of Cobb County, Georgia, captioned *Tanya L. Fowlkes v. American Health Associates, Inc., Nicholas DelBuono, and Timothy M. Martin*, Case No. 20-A-2516 (the "State Court Action").

2. On August 4, 2020, a Summons and the Complaint were served upon AHA's registered agent. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint, which represent "all process, pleadings, and orders served upon" AHA in the State Court Action are attached and incorporated herein as **Exhibit A**.

3. AHA has not answered or otherwise responded to the Complaint.

4. As of the date of this Notice of Removal, DelBuono and Martin have not yet been served with process and have not answered or otherwise responded to the Complaint.

5. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Cobb County State Court.

6. This Notice of Removal has been filed within 30 days of service of the Complaint on AHA and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the State Court of Cobb County, Georgia, where Plaintiff initiated the State Court Action, is within the United States District Court for the Northern District of Georgia.

8. As explained below, this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332(a). Removal is, thus, proper pursuant to 28 U.S.C. § 1441(a).

**FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331**

9. Under 28 U.S.C. § 1331, United States District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Plaintiff's Complaint sets forth a cause of action against AHA for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, a law of the United States. *See* Complaint, p. 13, ¶¶ 38-39, p. 15, ¶ 10.

11. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1331 because a federal question exists.

**DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)**

12. This action may be removed to this Court because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

**A.    Complete diversity of citizenship exists between all parties properly joined and served.**

13. A case may be removed on diversity grounds where none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

14. Plaintiff is, upon information and belief, a citizen of the State of Georgia within the meaning of 28 U.S.C. § 1332.

15. For purposes of diversity, "[a] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . " 28 U.S.C. § 1332(c)(1).

16. As Plaintiff acknowledges in her Complaint, AHA is Florida corporation (Complaint, ¶ 1) and maintains its principal place of business in Florida. Therefore, AHA is not a citizen of this State within the meaning of 28 U.S.C. § 1332(c)(1).

17. DelBuono and Martin have not yet been joined and served in this action, and their citizenship can be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(2). However, based on Plaintiff's allegations and upon information and belief, neither DelBuono nor Martin are citizens of this State within the meaning of 28 U.S.C. § 1332. *See* Complaint, ¶¶ 2-3.

18. Accordingly, complete diversity of citizenship between all properly joined parties exists under 28 U.S.C. § 1332.

**B.     The amount in controversy exceeds $75,000.00.**

19.     According to the Complaint, Plaintiff seeks damages for alleged breach of contract, fraud, promissory estoppel, and negligent misrepresentation in an amount "not less than $45,000." Complaint, p. 13, ¶ 1.

20.     Plaintiff seeks further damages for alleged violations of the Fair Business Practices Act in an amount "no less than $45,000" and "trebled to at least $135,000, plus reasonable attorneys' fees and expenses of litigation," as well as what appears to be a separate FBPA claim "trebled to at least $300,000 plus reasonable attorneys' fees and expenses of litigation." Complaint, p. 13, ¶¶ 2-3.

21.     Based on the face of the Complaint, Plaintiff's breach of contract, fraud, promissory estoppel, negligent misrepresentation, and FBPA claims alone total at least $480,000.00, well over the $75,000.00 amount in controversy threshold required under 28 U.S.C. § 1332.[1]

22.     Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and AHA and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This action may properly be removed under 28 U.S.C. § 1441.

---

[1] Plaintiff also seeks a variety of punitive damages, ranging from $250,000 to $5 million. Complaint, pp. 14-15, ¶¶ 5, 8-9.

23. In removing this action to this District Court, AHA does not waive any defenses it may have to this action, including but not limited to improper service, personal jurisdiction, venue, and any defenses to the merits of Plaintiff's allegations or damages claims. AHA expressly states that this Notice of Removal does not constitute and should in no way be interpreted or construed as an express or implied admission, acknowledgment, stipulation, or concession of any liability, fault, or damages in this action. AHA expressly states that Plaintiff bears the ultimate burden of proof on these issues in this action.

**WHEREFORE**, Defendant respectfully requests that this action be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, and that no further proceedings be had in the State Court of Cobb County, Georgia.

Respectfully submitted this 2nd day of September, 2020.

        **HAWKINS PARNELL & YOUNG, LLP**

        */s/ Parsa Fattahi*
        Ronald G. Polly, Jr.
        Georgia Bar No. 538264
        rpolly@hpylaw.com
        Parsa Fattahi
        Georgia Bar No. 154232
        pfattahi@hpylaw.com
        303 Peachtree Street, N.E.
        Suite 4000
        Atlanta, Georgia 30308

Telephone: (404) 614-7400
Facsimile: (404) 614-7500

RYAN T. NEUMEYER
*(pro hac vice application forthcoming)*
McDonald Hopkins LLC
600 Superior Avenue East - Suite 2100
Cleveland, Ohio 44114
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
Email: rneumeyer@mcdonaldhopkins.com

*Counsel for Defendants American Health Associates, Inc. and Nicholas DelBuono*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TANYA L. FOWLKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | _____ |
| AMERICAN HEALTH | ) | |
| ASSOCIATES, INC., | ) | **Removal from the** |
| NICHOLAS DELBUONO, | ) | **State Court of Cobb County** |
| and TIMOTHY M. MARTIN, | ) | **Case No. 20-A-2516** |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the forgoing **NOTICE OF REMOVAL** has been filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to the attorneys of record, and has also been served by placing a copy of it in the United States mail, first class, postage prepaid and properly addressed as follows:

> Charles M. Dalziel, Jr.
> Dalziel Law Firm
> 31 Atlanta Street
> Suite 200
> Marietta, Georgia 30060

This 2nd day of September, 2020.

> */s/ Parsa Fattahi*
> Parsa Fattahi
> Georgia Bar No. 154232